Kirkpatrick, C. J.
After taking great pains to decipher this record, I believe that I have made out that it was an action for a distributive share of the intestate’s estate. I think there are several objections to the judgment; but the one on which I shall rely, is, that the administrator set up on the trial, and offered to prove that the intestate, in his lifetime, had advanced to his daughter, Zepheina, a portion equal to her distributive share of the estate; the justice overruled this testimony. In this he mistook the law. Judgment ought, therefore, to be reversed.
Rossell, J.
Agreed to the reversal.
Pekkiwtok, J.
The action below, was brought by Ross and wife, in right of the wife, against the administrator of her father, for her distributive share of her father’s estate. On the trial, the administrators set up an advancement to the daughter by her father in his lifetime. On this subject, the justice has inserted in his record the following: “ The defendant offered to prove the declarations of an advancement by the deceased, to his daughter Zepheina Ross, and [f] the amount of such advancement; evidence overruled, except as related to the time of a delivery.” I think the justice, in this respect, mistook the law, by confining the evidence to the time of the advancement. The question was, whether or not the father did really and truly advance to his daughter, any part of his estate in his lifetime, as a portion; and I cannot perceive why the evidence of this fact is to be *564 confined to what passed at the time of making the delivery of the goods. It therefore appears to me, that the justice has shut out legal evidence, and that the judgment must be reversed. Judgment reversed.
Halsey, for plaintiff.